IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff-Appellee ) | |
| ) | |
| v. ) | Record No. 09-5085 |
| ) | |
| O'BENSON SESERE ) | |
| ) | |
| Defendant-Appellant ) | |

## APPELLANT'S PETITION FOR REHEARING AND REHEARING *EN BANC*

### Introduction

### Statement of Purpose

In the judgment of the undersigned defense counsel, a panel rehearing and a rehearing *en banc* are warranted. The *per curiam* Opinion of the United States Court of Appeals for the Fourth Circuit conflicts with a published decision of this Court, United States v. Hicks, 748 F.2d 854, 859 (4th Cir. 1984), which was not addressed in the Opinion. See Fourth Circuit Local Rule 40(b)(iii).

### Statement of the Case

Petitioner O'Benson Sesere ("Sesere") was one of several defendants charged with distribution and conspiracy to distribute cocaine base in an Indictment ("the Indictment") handed up by a federal grand jury in Harrisonburg,

Virginia. Following a jury trial, the United States District Court for the Western District of Virginia convicted Sesere of substantive and conspiracy counts on November 12, 2009. Sesere appealed. In an unpublished, *per curiam* Opinion and Judgment dated February 7, 2011, the United States Court of Appeals for the Fourth Circuit affirmed Sesere's convictions and sentence.

Sesere now petitions the United States Court of Appeals for the Fourth Circuit for a panel rehearing and a rehearing *en banc* with respect to his convictions and sentence pursuant to Rules 35 and 40 of the Federal Rules of Appellate Procedure and Local Rules 35 and 40 of the Fourth Circuit.

Question Presented

**WHETHER THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT'S *PER CURIAM* OPINION IN THE INSTANT APPEAL CONFLICTS DIRECTLY WITH CONTROLLING, FOURTH CIRCUIT PRECEDENT?**

Statement of Facts Relevant to Petition for Rehearing
and Rehearing *En Banc*

During its case in chief at trial, the government called as principal witnesses two of Sesere's alleged co-conspirators. These two witnesses, Celeste Johnson and Tiffany Sloane, had pled guilty to the Indictment and were cooperating with the prosecution. Over Sesere's objection, the trial court permitted the prosecutor to

2

elicit from both witnesses that prior to pleading guilty to the charges alleged in the Indictment, they had never been convicted of a misdemeanor or a felony. (J.A. Vol. II, 438-40; 464). The district court disagreed with defense counsel that the prosecutor's tactic constituted improper bolstering. (J.A. Vol. II, 439-40; 464).[1]

Argument

**THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT'S *PER CURIAM* OPINION IN THE INSTANT APPEAL CONFLICTS DIRECTLY WITH CONTROLLING, FOURTH CIRCUIT PRECEDENT.**

The Court's *per curiam* Opinion on the bolstering issue is flatly inconsistent with prior, published case law, including Chief Judge Winter's opinion in United States v. Hicks, 748 F.2d 854 (4th Cir. 1984). In *Hicks*, at id., several defendants were accused of robbing a bank. Two of the defendants, Hicks and Randall, pled

---

[1] In its *per curiam* Opinion, the Court suggested that Sesere's

> . . . [t]rial lawyer probably was incorrect in characterizing the questioning of Joseph and Sloane as "improper vouching." Sesere more appropriately asserts on appeal that the improper evidentiary practice being challenged was "improper bolstering."

(Opinion, p. 12).

Actually, Sesere's lawyer at trial objected that the prosecutor was engaging in "improper vouching or bolstering." (J.A. Vol. II, 439).

3

not guilty and proceeded to trial. Another defendant, Ford, entered into a plea agreement and " . . . became a principal witness for the government at Hicks' and Randall's trial." *Hicks*, 748 F.2d at 856. On direct examination, the federal prosecutor elicited from Ford that prior to pleading guilty to the bank robbery he had never been convicted of any crimes. Id. at 859.

Writing for an unanimous panel, Chief Judge Winter held that the trial court had clearly erred by allowing the prosecutor to elicit from Ford the fact that he had no criminal record before his conviction on the bank robbery charge. The prosecutor's tactic bolstered Ford's credibility in violation of Rule 608(a) of the Federal Rules of Evidence.

> The district court erred in permitting the government to prove in its direct examination of Ford that he had no prior criminal record, *cf. United States v. Melia*, 691 F.2d 672 (4 Cir. 1982). Unquestionably, the evidence was adduced to bolster Ford's credibility, and Federal Evidence Rule 608(a) specifically provides that evidence of truthful character is admissible "only after the character of the witness for truthfulness has been attacked . . ."

*Hicks*, 748 F.2d at 859.

Accord, United States v. Bolick, 917 F.2d 135, 138 (4th Cir. 1990) ("For 'one general principle, operative under both case law and the Federal Rules of Evidence, is that in the absence of an attack upon credibility no sustaining evidence is allowed.' We are among the courts to adhere to that time-honored principle.") quoting *McCormick on Evidence*, § 49, at 115 (3d ed. 1984); see also

4

United States v. LeFevour, 798 F.2d 977, 983 (7th Cir. 1986); United States v. Hilton, 772 F.2d 783, 786 (11th Cir. 1985).

The instant appeal is controlled by *Hicks*, 748 F.2d at 859. As in *Hicks*, at id., the government here charged several defendants with collaborating in criminal activity. Two of those defendants, Celeste Joseph and Tiffany Sloane, entered plea agreements and testified as principal witnesses for the prosecution. The prosecutor here engaged in the same, improper tactic as did the prosecutor in *Hicks*, at id. At Sesere's trial, the prosecution elicited from Mr. Joseph and Ms. Sloane the fact that prior to pleading guilty to charges contained in the Indictment, they had never been convicted of any felonies or misdemeanors. (J.A. Vol. II, 438-40; 464).

On appeal, Sesere argued that the district court should have sustained his repeated objections to the government's bolstering of its witnesses. Sesere cited several decisions castigating federal prosecutors for bolstering their witnesses' credibility on direct examination by asking about the absence of any prior criminal convictions. Included among these cases Sesere brought to the Court's attention was *Hicks*, 748 F.2d at 859.

Without addressing *Hicks*, 748 F.2d at 859, the Court's three-judge panel held that " . . . the questioning challenged by Sesere was plainly permissible, and the trial court cannot be said to have abused its discretion in ruling as it did." (Opinion, p. 13). In reaching this result, the Court relied exclusively upon Rule

5

607 of the Federal Rules of Evidence, which permits a party to impeach that party's own witnesses. (Opinion, p. 13).

The Court's reliance upon Rule 607 of the Federal Rules of Evidence does not render the *per curiam* Opinion here any less inconsistent with the Fourth Circuit precedent cited above. Rule 607 existed in its present form in 1984 when Chief Judge Winter wrote the Court's opinion in *Hicks*, 748 F.2d at 859. In any event, Rule 607 is plainly inapplicable. Like the prosecutor in *Hicks*, 748 F.2d at 859, the prosecutor here did not impeach the cooperating witnesses when eliciting testimony concerning the *absence* of any convictions before their guilty pleas to the Indictment. Instead, the prosecutor improperly sustained (i.e., "bolstered") the credibility of these witnesses by making clear to jurors that neither Mr. Joseph nor Ms. Sloane had been convicted of any offenses until they entered their pleas to the Indictment.[2]

---

[2] In *Hicks*, 748 F.2d at 859, the Court found the trial court's error harmless. Here, the government forfeited any harmless error argument under Rule 52(a) of the Federal Rules of Criminal Procedure by failing to assert such an argument in its appellate brief. The government bears the burden of asserting and establishing on appeal that a trial error qualifies as harmless under Rule 52(a). United States v. Kingrea, 573 F.3d 186, 194 and n. 6 (4th Cir. 2009).

## Conclusion

For the foregoing reasons, O'Benson Sesere respectfully petitions the Court to afford him a panel rehearing and a rehearing *en banc* and vacate his convictions on Counts One, Twenty-One, Twenty-Two and Twenty-Four of the Indictment.

Respectfully submitted,

s/Paul G. Beers
Paul G. Beers

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone (540) 224-8000
Facsimile (540) 224-8050
Counsel for the Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2011, I electronically filed the foregoing Appellant's Petition for Rehearing and Rehearing *En Banc* with the clerk of the Court using the CM/ECF system which will send notification of such filing to the following registered CM/ECF user: Jeb T. Terrien, Esq., Assistant United States Attorney, United States Attorney's Office, 116 North Main Street, Harrisonburg, Virginia 22802.

s/Paul G. Beers
Paul G. Beers